CHRISTOPHER J. CANNON, State Bar No. 88034
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: 415-362-6252
Facsimile: 415-362-6431
chris@sugarmanandcannon.com

Attorneys for Defendant  JOSE SOTOMAYOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   vs.<br><br>JOSE SOTOMAYOR,<br><br>       Defendant. | Case No. 18-CR-00483 SI (JCS)<br><br>**DEFENDANT JOSE SOTOMAYOR'S SENTENCING MEMORANDUM** |

      Jose Sotomayor is a 22-year-old young man, who made a series of bad decisions, but he is growing up, becoming more responsible, has taken responsibility for his youthful errors, and has demonstrated that he has learned from his mistakes.  While the probation report accurately describes Jose's youth, the cold rendition of the facts in the PSR fails to accurately describe the challenges Jose has overcome and the progress he has made in making better decisions and choices.

      Jose's mother and father had a tumultuous and abusive relationship, and both Jose and his sister were regularly beaten.  Fortunately for Jose, his parents divorced, when he was 8 and Jose's abusive real father was replaced with a loving stepfather, with whom Jose bonded.

      Unfortunately, the abuse began again when Jose was returned to his father's custody for a year as a 6th grader and did not stop until Jose was returned to his mother and stepfather.

      After he returned home, Jose did well in the stable family relationship with his mother and stepfather, and was enrolled in classes to get a Fire Science-First Responder Certificate leading to a good job, when his stepfather fell off a roof he was working on and suffered a severe head injury.  When it

became clear there would be no recovery, Jose and his mother agreed to take his stepfather off life support.

With the loss of his stepfather, Jose became the primary caregiver for his mother, and was forced to drop out of his first responder training.  Soon thereafter, his real father reentered the scene, and what had previously been an inviting and caring home, turned into an alien, uncomfortable location that Jose did not want to endure.

Instead of seeking counseling, and most teenagers would not have the maturity and wisdom to understand the value of counseling, Jose began hanging out on the street and associating with gang bangers.  Seeking support and a place he would be accepted, he decided to be jumped into the West Side Mob, a Norteno gang, and entered into a shotgun marriage.  Although he and his too young wife have divorced, Jose shares custody of his daughter, and is a good and loving father.

Significantly, in the time between his marriage and divorce, Joe learned a lot and began to grow up.  When he learned his too young wife had been stepping out with other men outside of his marriage, he became deeply depressed and thought about committing suicide.  He realized that suicide would be harmful to his daughter and sought counselling and help.  Jose's realization that others can help, and that he must be here for his daughter were really turning points in his life.

Jose's desire to be a good father led to his brave decision to get jumped out of the gang, and in January 2018, he told the gang he wanted out, and agreed to be jumped out of the gang.  Unlike the more ritualistic and nonlife-threatening jumping in process, jumping out requires a person to submit to a severe beating.  Jose showed up at the agreed location, expecting a few individuals to beat him for a relatively short period of time.  Instead, 15 gang members asked him if he really wanted out of gang life and gave him the opportunity to remain a member.  Thinking of his daughter, Jose said he was done with gang life and accepted the painful consequences.  Jose was punched, kicked, and beaten, literally within an inch of his life and his medical records confirm the scars he will carry for the rest of his life as a result of his decision to stop gain activities.

As a further confirmation of his decision, to leave the gang life behind him and be a good father, Jose has begun the painful process of having his gang tattoos removed.

Jose has shown he can make good decisions, even at a painful cost to himself; and that he learns

from, and accepts the consequences of his bad decisions, such as getting married at 17, joining a gang, and selling the guns that brings him before this court.

Jose Sotomayor knows he will be deported after serving his sentence and could have taken the easy way out.  He did not.  To the contrary, when it looked as if there would be a problem with complying with his pretrial conditions in this case, he asked that the case be added to calendar so he could go be remanded, instead of potentially violating his conditions of release.

Not only has Jose demonstrated that he has learned from his mistakes, he has demonstrated that he will accept the consequences of them.  He is a good father.  He allowed himself to be beaten out of gang life; and he volunteered to be remanded, rather than violate his terms of pretrial release.

Because Jose has recognized his mistakes and acknowledges that the offense that brings him before this Court is a crime not just a mistake, but is a serious crime, there is no need for a long sentence to satisfy the needs of specific deterrence.  Jose has demonstrated he has learned his lesson and will act legally in the future.  There is also no need for a long sentence for general deterrence purposes.  The harsh message that will be sent by incarceration and deportation is more than enough to deter others from similar activity.

Accordingly, the defense submits that a departure or variance to a sentence of 24 months is more than sufficient, and even potentially greater than necessary, to satisfy the factors listed at 18 U.S.C. § 3553(a).  Such a sentence would reflect the seriousness of the offense, promote respect for the law, provide just punishment and afford more than adequate deterrence to criminal conduct.

Dated: September 3, 2019                    Respectfully submitted,

                                                /s/
                                     Christopher J. Cannon
                                     Matthew A. Laws
                                     Attorneys for JOSE SOTOMAYOR