ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KEVIN RUBINO (CABN 255677)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7291
     FAX: (415) 436-7234
     Kevin.Rubino@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 18-CR-00483-SI (LJC) |
|     Plaintiff, | ) |
| | ) STIPULATION AND PROTECTIVE ORDER |
| v. | ) [PROPOSED] |
| | ) |
| JOSE SOTOMAYOR, | ) |
|     Defendant. | ) |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with a violation of the terms of his supervised release.  Having received a

discovery request, the United States will produce documents and other materials pertaining to the

defendant and the charged offense to defense counsel.  The discovery to be provided may include

documents or other materials falling into one or more of the following categories (collectively,

"Protected Information"):

    1.   Personal Identifying Information of any individual (other than his or her name), including

        any person's date of birth, social security number, residence address, telephone numbers,

email addresses, driver's license number, names of persons who are minors, or criminal

histories ("Personal Identifying Information");

2.  Financial Identifying Information of any individual or business, including bank account

numbers, credit or debit card numbers, account passwords, and taxpayer identification

numbers ("Financial Identifying Information"); and

3.  Medical records or other patient information of any individual covered by the Health

Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

The United States will identify discovery materials as Protected Information by marking such

materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice

identifying discovery materials as Protected Information.  The government shall exercise reasonable

care in determining which discovery materials should be designated as Protected Information in order to

avoid the over-designation of discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees,

and independent contractors (collectively, "the Defense Team") may review with the defendant all

discovery material produced by the government, but shall not provide a defendant with copies of, or

permit defendant to make copies of, or have unsupervised access to any discovery material produced by

the government that contains Protected Information, unless the Protected Information has first been

**entirely redacted** from the discovery materials.  The government and defense counsel are ordered to

work together to ensure that these materials are protected, but that defendant has as much access to the

materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains

to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*,

defendant's own bank records, telephone records, and business records) may be provided to that

defendant unredacted.

The Defense Team may show witnesses Protected Information in the course of preparing a

defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their

participation in the underlying events or conduct, would have seen or had reason to know such

information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with

1    or show the witness Protected Information.  Witnesses may only view Protected Information in the

2    presence of the Defense Team.  No witness or potential witness may retain copies of discovery material

3    that contains Protected Information after his or her review of those materials with the Defense Team is

4    complete.

5       Defense counsel may also provide unredacted copies of Protected Information to any experts

6    retained to assist with the preparation of the defense in the captioned case.  The defendant, all members

7    of the Defense Team, and any experts who receive Protected Information under this Order shall be

8    provided a copy of this Order along with those materials and shall sign and date the order reflecting their

9    agreement to be bound by it.

10      The Defense Team shall maintain Protected Information safely and securely, and shall exercise

11   reasonable care in ensuring the confidentiality of those materials by not divulging the contents or

12   permitting anyone to see Protected Information except as set forth in this Protective Order.

13      The materials provided pursuant to this protective order may only be used for the specific

14   purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

15      This Order shall also apply to any copies made of any materials covered by this Order.

16      **IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected

17   Information subject to this Order, the Protected Information must be filed under seal (accompanied by a

18   request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

19      **IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there

20   are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant

21   shall either destroy discovery materials containing Protected Information (including any copies) within

22   30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that

23   the Protected Information will continue being kept under the conditions specified in this Order.  After

24   the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to

25   destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a

26   motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and

27   materials subject to this Protective Order under the terms of this Order.

28      This stipulation is without prejudice to either party applying to the Court to modify the terms of

PROTECTIVE ORDER                      3
18-CR-00483 SI (LJC)

any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

ISMAIL J. RAMSEY
United States Attorney

Dated: October 16, 2023

___/s/_____
KEVIN RUBINO
Assistant United States Attorney

___/s/_____
CHRIS CANNON
Counsel for Defendant JOSE SOTOMAYOR

IT IS SO ORDERED.

Dated: _____

LISA J. CISNEROS
United States Magistrate Court Judge

1    **By signing below, I acknowledge that I have been provided and have reviewed a copy of**

2    **this Order and hereby agree to be bound by its terms:**

3

| SIGNATURE | DATE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |